CORNELIUS C. KIELY *vs.* PETER B. CORBETT.

Suffolk. November 10, 1909. — February 24, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Evidence*, Of fraud. *Fraud*. *Practice, Civil*, Order for judgment by full court. *Judgment*.

In an action for the amount of a deposit made by the plaintiff under an agreement in writing with the defendant, where the plaintiff based his right to recover on the ground that after the execution of the agreement the defendant by fraud

procured from the plaintiff his signature to a second agreement to be substituted for the first, and that thereupon the plaintiff surrendered the first agreement to the defendant who destroyed it, and the case was tried solely on this issue, the plaintiff at first testified that the defendant did not read the new agreement aloud to him, but asked him to sign it. He then testified that the defendant did read it "kind of loud," but that he could not understand it; that the defendant told him nothing about the new agreement but simply asked him to sign it; and that he had no idea why he signed the new agreement or gave up the first one. On redirect examination the plaintiff testified that the defendant read the new agreement to the defendant's bookkeeper; that he could understand him reading it, but testified, "There was no use in my understanding it when I didn't know anything about it." In answer to a question whether the defendant read the agreement so that the plaintiff knew the contents of it, the plaintiff said, "Of course, if I had any understanding about it, or if I was in any way smart or intelligent, I suppose I would have understood it; but. I didn't." On re-cross-examination the plaintiff testified that he could not say whether the defendant read the new agreement to him or to the defendant's bookkeeper, and could not say whether the bookkeeper read it to him. There was nothing in the other testimony which added to these statements. *Held,* that there was no evidence to be submitted to the jury that the plaintiff's signature to the second agreement had been procured by fraud on the part of the defendant, and that a verdict should have been ordered for the defendant.

Where at a trial under a declaration in contract or tort, the plaintiff upon the state of facts disclosed by the evidence could not recover upon any count of his declaration without showing fraud on the part of the defendant, and there was no evidence of such fraud to submit to the jury, but the presiding judge refused to order a verdict for the defendant and the jury returned a verdict for the plaintiff, upon an exception by the defendant to such refusal, this court under St. 1909, c. 236, ordered an entry in the trial court of judgment for the defendant.

CONTRACT or TORT for the sum of $400 paid by the plaintiff to the defendant as a deposit under an agreement in writing dated June 17, 1907, by which the defendant agreed to sell to the plaintiff and the plaintiff agreed to purchase from the defendant a lot of land with a frame dwelling house thereon numbered 287 on West Fifth Street in that part of Boston called South Boston; with three counts, the first alleging fraud on the part of the defendant, the second alleging the conversion by the defendant of $400, the property of the plaintiff, and the third alleging that the defendant owed the plaintiff $400 received by the defendant to the plaintiff's use. Writ dated July 12, 1907.

In the Superior Court the case was tried before *Lawton*, J. It appeared that a second agreement of the same date between the defendant and the plaintiff for the sale and purchase of the same house and lot on different terms was signed by the plaintiff and that the first agreement was returned by the plaintiff to the

defendant and subsequently was destroyed. The plaintiff contended that the second agreement was obtained from him by fraud on the part of the defendant, and the case was submitted to the jury on this issue. The evidence is described in the opinion.

At the close of the evidence the defendant asked the judge to make the following rulings:

" 1. On all the evidence, a verdict should be found for the defendant.

" 2. There is no evidence of fraud or misrepresentation, as alleged in count 1, on the part of the defendant, and a verdict should be found in his favor.

" 3. There is undisputed evidence that the plaintiff entered into a written contract with the defendant to purchase the defendant's property ; that the plaintiff deposited $400 under the terms of said contract, and that he neglected and refused to carry out that contract, whereby under the terms thereof he forfeited said $400, and a verdict should be found for the defendant on all three counts.

" 4. There is undisputed evidence that the plaintiff entered into a second written agreement with the defendant for the purchase of the defendant's property, and waived, cancelled and discharged the defendant from the first written agreement, and accepted the second agreement as a substitute therefor, and that in said transaction there was no deceit practised, or misrepresentations made by the defendant, and verdict should be found for him on all three counts."

The judge refused to make any of these rulings and submitted the case to the jury, who returned a verdict for the plaintiff. The defendant alleged exceptions.

The case was argued at the bar in November, 1909, before *Knowlton,* C. J., *Morton, Braley, Sheldon* & *Rugg,* JJ., and afterwards was submitted on briefs to all the justices.

*E. N. Carpenter,* for the defendant.

*D. V. McIsaac,* ( *W. F. Sheehy* with him,) for the plaintiff.

SHELDON, J. The case was submitted to the jury upon the issue whether the second agreement was obtained from the plaintiff by fraud on the part of the defendant; and the only question presented to us is whether there was evidence to justify a finding

against the defendant on that issue. The contention made by
the plaintiff in argument was that the action of the defendant
under the circumstances was a representation that this second
agreement represented or contained the terms which formerly
had been agreed upon, that this representation was false and
fraudulent, and that it was this representation that induced the
plaintiff to sign the second agreement. But the plaintiff's testi-
mony does not support this contention. He first testified that
the defendant did not read the new agreement aloud to him, but
asked him to sign it; then that the defendant did read it "kind
of loud," but that he (the plaintiff) "couldn't understand it";
that the defendant told him nothing about the new agreement
but simply asked him to sign it; that he had no idea why he
signed the new agreement or gave up the first one. On redirect
examination, he said that Corbett read the new agreement to
the defendant's bookkeeper, that he (the plaintiff) could under-
stand him reading it, but "there was no use of my understand-
ing it when I didn't know anything about it." In answer to a
question whether the defendant read the agreement so that he
(the plaintiff) knew the contents of it, he said: "Of course
if I had any understanding about it, or if I was in any way smart
or intelligent, I suppose I would have understood it; but I
didn't." On re-cross-examination he testified that he could not
say whether the defendant read the new agreement to him (the
plaintiff) or to the defendant's bookkeeper, and could not say
whether the bookkeeper read it to him. We find nothing in the
testimony of the other witnesses or in the plaintiff's testimony
when called in rebuttal which adds anything to these statements.
Manifestly this testimony would not justify a finding that such
a fraud as is claimed had been practised upon him by the defend-
ant. There was no representation and nothing to indicate a
representation by the defendant that the second agreement
represented or contained the same terms which formerly had
been agreed upon and had been embodied in the first agreement.
Accordingly, upon the contention made at the trial the defend-
ant's first request should have been given; and the defendant's
exceptions must be sustained.

The defendant asks us now, under the provisions of St. 1909,
c. 236, to direct the entry in the Superior Court of judgment in

his favor. Under the circumstances we are of opinion that this ought to be done. Most of the false representations averred in the first count of the declaration, the only one which dealt with the subject, were not relied on at the trial, and there was no evidence of the only fraud which was relied on. And the plaintiff could not recover upon any count of his declaration, upon the state of facts which appeared at the trial, without proof of actual fraud on the part of the defendant. The entry must be

> *Exceptions sustained; judgment to be entered for the defendant.*