# SUPPLEMENT.

## Opinion of the Justices to the Senate and the House of Representatives.

Article 2 of the Declaration of Rights and art. 11 of the Amendments to the Constitution of the Commonwealth absolutely prohibit the enactment of any law establishing any particular religion or restraining the free exercise of any particular religion.

Article 18 of the Amendments to the Constitution of the Commonwealth, relating to moneys raised by taxation in the towns and cities for the support of public schools, requires that such moneys shall be disbursed exclusively for the support of such common schools and shall not be diverted to any other kind of school maintained in whole or in part by any religious sect. But there is no constitutional prohibition of appropriations for higher educational institutions, societies or undertakings under sectarian or ecclesiastical control.

Whether the existing provisions of the Constitution and its amendments "adequately prohibit" the appropriation of public money for aiding any church, religious denomination or religious society, so that there is no "necessity for the adoption of an amendment" to this end, was said to be rather a legislative question than a question of law, a majority of the Justices expressing an opinion that such an appropriation is prohibited already.

THE following joint order was passed by the House of Representatives on April 24, 1913, and by the Senate on April 25, 1913. On May 7, 1913, it was transmitted to the Justices of the Supreme Judicial Court, who on June 2, 1913, returned the answer which is subjoined.

ORDERED, That the opinion of the Justices of the Supreme Judicial Court be required by the General Court on the following questions of law:

First. Do the existing provisions of the Constitution of Massachusetts, and especially Article II of Part the First of the Constitution and Article XI of the amendments thereto, adequately prohibit the passing of any law by the General Court establishing any particular religion or restraining the free exercise of any particular religion?

Second. Do the existing provisions of the Constitution of Massachusetts, and especially Article XVIII of the amendments thereto, adequately prohibit the appropriation by the Common-

wealth or by any county or municipality of money raised by taxation for maintaining or aiding any church, religious denomination or religious society, or any institution, school, society or undertaking which is wholly or in part under sectarian or ecclesiastical control?

Third. For the purpose of prohibiting the establishing of any particular religion or church, or for securing the free exercise of any religion, or for prohibiting the appropriation of money raised by taxation for sectarian or religious uses, is there any necessity for the adoption of an amendment to the Constitution in substantially the following form?

"No law shall be passed respecting an establishment of religion or prohibiting the free exercise thereof, nor shall the State or any county, city, town, village or other civil division use its property or credit or any money raised by taxation or otherwise, or authorize either to be used, for the purpose of founding, maintaining or aiding by appropriation, payment for services, expenses or in any other manner any church, religious denomination or religious society, or any institution, school, society or undertaking which is wholly or in part under sectarian or ecclesiastical control."

AND BE IT FURTHER ORDERED, That the Justices of the Supreme Judicial Court be informed that the foregoing questions are propounded with a view to legislation upon the subjects therein mentioned, and that, for their more particular information, a copy of House document No. 1238, being a resolve accompanying a petition now pending in the General Court and relating to the subject-matter concerning which the foregoing questions are propounded, be transmitted to the Justices.

House document No. 1238, referred to above, was a resolve that it was expedient to alter the Constitution of the Commonwealth by the adoption of an amendment in the form quoted in the order.

To the Honorable the Senate and the House of Representatives of the Commonwealth of Massachusetts:

We, the Justices of the Supreme Judicial Court, having considered the questions proposed in the joint order of the General Court, which was received by us on May 7 and a copy of which is hereto annexed, respectfully answer as follows:

The Constitution of the Commonwealth in several clauses inculcates the practice of religion and urges the public worship of God, as essential means for the perpetuation of republican institutions. But in emphatic and unmistakable terms, it guarantees to all our people absolute freedom as to religious belief and liberty unrestrained as to religious practices, subject only to the conditions that the public peace must not be disturbed nor others obstructed in their religious worship or the general obligations of good citizenship violated. This is clear from art. 2 of the Declaration of Rights and art. 11 of the Amendments, which absolutely prohibit the enactment of any law establishing any particular religion or restraining the free exercise of any particular religion. We answer "Yes" to the first question.

So far as the second question relates to the appropriation of money for schools the answer is simple. Article 18 of the Amendments to the Constitution was adopted because of a deep seated conviction of the imperative necessity of preserving the public school system in its integrity and of guarding it from attack or change by explicit mandate. Public schools never have been understood to include higher institutions of learning like colleges and universities. All moneys raised by taxation for the purpose of expenditure within the sphere of the public or common schools, as these words generally have been understood, must be disbursed exclusively for the support of such schools and cannot be diverted to any other kind of school maintained in whole or in part by any religious sect. But there is no constitutional prohibition of appropriations for higher educational institutions, societies or undertakings under sectarian or ecclesiastical control. *Merrick* v. *Amherst*, 12 Allen, 500. *Jenkins* v. *Andover*, 103 Mass. 94.

So far as the second question relates to the appropriation of public money for aiding any church, religious denomination or religious society, it presents more difficulty. The Chief Justice and Justices Morton, Braley and De Courcy are of opinion that such an appropriation is prohibited by the Constitution and its Amendments, while Justices Hammond, Loring and Sheldon incline to the opposite conclusion. It has been said repeatedly that answers given by the Justices to questions propounded by the Legislature have not the binding force of decisions

of the court, but are the opinions of the individual justices acting as constitutional advisers to a co-ordinate department of the government. The doctrine of *stare decisis* does not apply to them, but they are open to reconsideration and revision. *Green* v. *Commonwealth*, 12 Allen, 155, 164. *Opinion of the Justices*, 5 Met. 596, 597. *Opinion of the Justices*, 126 Mass. 557, 566. Whether under these circumstances the existing provisions of the Constitution "adequately prohibit" the appropriation of money raised by taxation for these purposes so that there is no "necessity for the adoption of an amendment" to this end, presents a legislative question rather than a question of law.

. The answers already given render unnecessary any further answer to your third question.

<div style="text-align:right">

ARTHUR P. RUGG.
JAMES M. MORTON.
JOHN W. HAMMOND.
WILLIAM CALEB LORING.
HENRY K. BRALEY.
HENRY N. SHELDON.
CHARLES A. DE COURCY.