HAZEL YOUNG *vs.* JEFFERSON E. DUNCAN & trustees.
HAZEL YOUNG'S CASE.

Middlesex. Suffolk.    March 17, 1914. — June 17, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Practice, Civil,* Abatement, Trial by jury, Exceptions. *Workmen's Compensation Act. Constitutional Law.*

Where in an action of tort, in which the plaintiff has claimed a trial by jury, the defendant files a plea in abatement, and the plaintiff proceeds to take part in a hearing before the presiding judge upon the plea in abatement without objection and without insisting upon a trial by jury as to the questions of fact raised by the plea, and the judge finds the facts to be as there alleged and sustains the plea as a bar to the action, the plaintiff has waived his right to have those facts passed upon by a jury, and no question in regard to his constitutional right to a trial by jury is involved.

By St. 1911, c. 751, Part I, § 5,.an employee of a subscriber under the workmen's compensation act waives his right of action at common law to recover damages for personal injuries, unless he gives his employer at the time of his contract of hire notice in writing that he claims such right; and, if the employer was at the time of the employment a subscriber, the waiver is not affected by ignorance of this fact on the part of the employee, and it is immaterial whether or not the employer gave to the employee the notice required by St. 1911, c. 751, Part IV, § 21, as amended by St. 1912, c. 571, § 16, that he has provided for the payment of compensation to injured employees under the act, the giving of such a notice being required for other purposes and having no connection with an employee's waiver of his right to sue his employer at common law.

If evidence, which was excluded by the presiding judge at a trial for a wrong reason, was irrelevant and ought to have been excluded, an exception to its exclusion will be overruled.

Where the justices of this court have given their opinions, under c. 3, art. 2, of the Constitution, that a certain statute, if enacted, would be constitutional, and the statute itself afterwards comes before the court in a judicial controversy in which the question of its constitutionality is raised and is argued by counsel, the question is treated as an open one, the previous expression of the opinions of the justices not being an adjudication to which the rule of *stare decisis* applies.

The provision of the workmen's compensation act contained in St. 1911, c. 751, Part I, § 5, that an employee of a subscriber under that act "shall be held to have waived his right of action at common law to recover damages for personal injuries if he shall not have given his employer, at the time of his contract of hire, notice in writing that he claimed such right," as interpreted by this court to be an absolute and unconditional provision not dependent upon knowledge by the employee or upon notice to him that the employer was a subscriber at the time of the contract of hire, is constitutional.

Where an injured workman, who is employed by a subscriber under the workmen's compensation act and has waived his right of action at common law, makes no claim under the act, but brings instead an action at common law against his employer, the insurer under St. 1911, c. 751, Part III, § 5, as amended by St. 1912, c. 571, § 10, may notify the Industrial Accident Board, who thereupon must call for the formation of a committee of arbitration, this being a case where the insurer and the injured employee have failed to reach an agreement in regard to compensation under the act.

Where under the workmen's compensation act a committee of arbitration was formed and made an award in favor of an injured employee, and a claim for review by the Industrial Accident Board was filed by the employee but afterwards was withdrawn by him before any hearing, and, upon motion of the insurer, a decree has been made by the Superior Court for the payment of compensation in accordance with the report of the committee of arbitration, under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, the employee has no right of appeal from such decree.

RUGG, C. J.   Hazel Young received injuries on June 10, 1913, arising out of and in the course of her employment while working for Jefferson E. Duncan at his jewelry factory at Arlington.

She brought an action of tort at common law against her employer, alleging that her injuries resulted from his negligent conduct. The defendant seasonably filed a paper entitled "Motion and Plea," setting out that he was a subscriber under the workmen's compensation act at the time of the plaintiff's employment by him and had continued so to be since, and that she neither at the time of entering his employment nor at any time thereafter gave him notice that she claimed her right of action at common law as provided in St. 1911, c. 751, Part I, § 5, and hence that she could not maintain her action at law, concluding with a prayer that the writ abate. Both parties treated this as a plea in abatement. The plaintiff had claimed a trial by jury. It is not necessary to determine whether this referred only to the general issues raised in her declaration or extended to the plea in abatement. She had a right to claim a trial by jury upon the facts raised by this plea. *O'Loughlin* v. *Bird*, 128 Mass. 600. *Oliver Ditson Co.* v. *Testa*, 216 Mass. 123. But, having proceeded to hearing upon the plea before the judge, without objection and without insisting upon a trial by jury as to the facts raised by it, that right, if preserved up to that time, was waived as to that point. Hence, no constitutional right to trial by jury is involved in this respect. The judge * allowed the motion. As a matter of construction this means that he found the facts as alleged in the motion. He excluded, subject to the plaintiff's exception, the affidavit offered by her tending to show that the defendant had not complied with Part IV, § 21, of the act, as amended by St. 1912, c. 571, § 16, as to an employer giving notice to every person with whom he is about to enter into a contract of hire that he has provided for payment to injured employees under the act, that no notice had been given her and that she had no knowledge that the defendant was a subscriber under the act.

It must be presumed that the judge found that the defendant was a subscriber under the act. That finding must stand, as the evidence upon which it was based is not reported. The questions presented are, whether an employee must receive notice that the employer is a subscriber before he can be held to have waived his common law rights, and whether the failure of the

---

* *Crosby*, J.

employer to give the notices' required of him renders the act inoperative as to the unnotified employee, if the latter so elects.

The purpose of this act has been stated several times. Briefly, it was to substitute a method of accident insurance in place of the common law rights and liabilities for substantially all employees except domestic servants, farm laborers and masters of and seamen on vessels engaged in interstate or foreign commerce, and those whose employment is casual or not in the usual course of trade, business or employment of the employer, and probably those subject to the federal employers' liability act. It was a humanitarian measure enacted in response to a strong public ·sentiment that the remedies afforded by actions of tort at common law and under the employers' liability act had failed to accomplish that measure of protection against injuries and of relief in case of accident which it was believed should be afforded to the workman. It was not made compulsory in its application, but inducements were held out to facilitate its voluntary acceptance by both employers and employees. It is manifest from the tenor of the whole act that its general adoption and use throughout the Commonwealth by all who may embrace its privileges is the legislative desire and aim in enacting it. The act is to be interpreted in the light of its purpose and, so far as reasonably may be, to promote the accomplishment of its beneficent design.

Part I, § 5, provides that "An employee of a subscriber shall be held to have waived his right of action at common law to recover damages for personal injuries if he shall not have given his employer, at the time of his contract of hire, notice in writing that he claimed such right, or if the contract of hire was made before the employer became a subscriber, if the employee shall not have given the said notice within thirty days of notice of such subscription." This sentence is plain and definite. The employee is held to have waived his common law right if he fails to give notice "at the time of his contract of hire." This absolute and unequivocal provision is not made dependent upon any other condition or circumstance. It is not made to rest upon knowledge or notice to him of the fact that the employer is a subscriber. That it was not intended to be dependent upon such knowledge or notice is plain from the concluding clause which, in the event of the employer becoming a subscriber after the employment,

makes such waiver dependent upon notice. The expression of this condition in the one class of cases impliedly would exclude it from the other, even if the language used were less plain. It seems clear beyond a doubt from these words that the notice is required to be given at the time when the terms of the employment are fixed by the contract of hire.

It is urged, however, that the effect of this unequivocal language is modified by Part IV, § 21, as amended by St. 1912, c. 571, § 16, which requires every subscriber to "give notice in writing or print to every person with whom he is about to enter into a contract of hire that he has provided for payment to injured employees by the association" and to file a copy of the notice with the industrial accident board. This is a direction to the employer, but failure to comply with it does not carry with it any penalty either to him or to the employees, except that it may involve some consequences to the employer as shown by § 22. That it was not intended to be of rigid effect is apparent from the further provision that the notice may be given as there prescribed "or in such other manner as may be approved by the Industrial Accident Board." Manifestly the rights of employees were not intended to be made to rest on a method of giving notice which may be changed from time to time by an administrative board as experience may evolve that which is most practicable. Moreover, this notice may have other uses in giving information as to hospitals and physicians available to employees in case of injury, as is pointed out in *Panasuk's Case,* 217 Mass. 589. If the employee's right to avail himself of the act depended upon actual notice to him of the fact of insurance by the employer, hardship to the employee often might result. There would be strong ground for the argument (if the plaintiff's contention were upheld) that the only right of an employee would be at common law unless the employer gave the required notice — a consequence manifestly at variance with the general purpose of the act and one which in many instances would work great hardship. There is no indication in the act itself that Part I, § 5, and Part IV, § 22, were intended to be correlative or interdependent. Each stands alone with distinct uses and purposes. As thus interpreted the act is plain and easy of comprehension. If an employee desires to avoid the act and preserve his common law rights,

he must give notice to that effect in the absence of fraud when he enters the employment rather than when he is notified of insurance by the employer, or he is held to have availed himself of the act. This construction in the vast majority of cases will forward the beneficent aims of the act better than any other. The evidence offered by the plaintiff was excluded rightly.

This was not the reason for the ruling given in the Superior Court. But the accuracy of the reason given is of no consequence when the ruling is right. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 384.

It follows that the plaintiff had no occasion for a trial of the question whether the employer had given the notice required of him under the act or the regulations of the Industrial Accident Board, and hence had no right to a trial by jury in that respect. If the parties are subject to the act, then all their rights arising under it are to be settled by the agencies there provided and not as in actions at common law. *Panasuk's Case,* 217 Mass. 589.

The plaintiff argues that the act is unconstitutional as thus interpreted. An opinion was given by the justices to the General Court to the effect that the act would be constitutional if enacted. *Opinion of the Justices,* 209 Mass. 607. This opinion, however, was advisory in character, given by the justices as individuals, without the benefit of argument, and was not an adjudication by the court, and the rule of *stare decisis* does not apply to it. *Green* v. *Commonwealth,* 12 Allen, 155, 164. *Opinions of the Justices,* 7 Pick. note at pages 125–130; 126 Mass. 557, 566; 214 Mass. 599; 602, 604. Therefore, the ground is re-examined in the light of the argument now presented, without reliance upon the earlier opinion of the justices and with the effort carefully to guard against any influence flowing from our previous consideration.

Attack is made upon Part I, § 5, on various grounds. It is urged that it deprives the plaintiff of her constitutional right to a trial by jury. If that question properly is presented and insisted upon, undoubtedly an employee has a right to a trial by jury on the point whether the employer was in truth a subscriber under the act and whether notice had been given by the employee at the time of the contract of hire of an election to rely upon his common law rights in cases where claim is asserted that such notice had been given. The issue of fact whether the parties have

come under the operation of the act may be tried to a jury. It is analogous to the issue whether an agreement to arbitrate has been made. *Boyden* v. *Lamb*, 152 Mass. 416. It may be assumed that a right of action for personal injuries at common law is a property right. But the right of trial by jury respecting it goes no farther in a case like the present than the right to have the question whether she had retained such a common law right under the act determined by a jury. But, as has been pointed out, so far as that right existed in the case at bar, it was waived.

The section in question affects no existing property right. It deals with no property right after it has come into being. It affects a situation which antedates any property right arising out of tort. It simply establishes a status between subscribers under the act and their employees in the absence of express action by the latter manifesting a desire to elect a different status. No complaint justly can be made that the section compels the employee to elect without sufficient knowledge. Ignorance of the law commonly is no excuse for conduct or failure to act. The employee is not required to act without inquiry as to the fact of insurance by the employer. He has only to ask for information. That is nothing more than is required in most of the affairs of life in order that one may act intelligently. Knowledge as to interstate commerce rates may be inaccessible without very considerable inquiry, and yet shippers or passengers may be bound by them although ignorant of their terms. *New York, New Haven, & Hartford Railroad* v. *York & Whitney Co.* 215 Mass. 36, 39. *Texas & Pacific Railway* v. *Cisco Oil Mill*, 204 U. S. 449. *Kansas City Southern Railway* v. *C. H. Albers Commission Co.* 223 U. S. 573, 594. *Boston & Maine Railroad* v. *Hooker*, 233 U. S. 97.

The requirement that the election be made at the time of the contract for hire is reasonable. Difficulties of a serious nature would be presented if the right of election were allowed to be exercised after the happening of the accident.

The possibility that the employee in a given instance may not know all his rights does not affect the constitutional aspects of the law. Many crimes even are made to depend solely upon the doing of an act with the utmost moral innocence and in ignorance of any forbidding aspect of the act. *Commonwealth* v. *Mixer*, 207 Mass. 141.

The employee is not compelled to give up any common law or constitutional right. It is a matter of choice whether he avails himself of the one or the other. Reasonable provisions are made for the exercise of his election. *Foster* v. *Morse,* 132 Mass. 354.

The section is not open to objection as class legislation, or as denying equal protection of the laws. It applies to all employees alike. In this respect it is no more vulnerable than the employers' liability act, which establishes remedies for the benefit of employees, the weekly payment law or many other acts of like nature. *Opinion of the Justices,* 163 Mass. 589. *Commonwealth* v. *Riley,* 210 Mass. 387. *Sturges & Burn Manuf. Co.* v. *Beauchamp,* 231 U. S. 320, 326, and cases cited. *Chicago, Burlington & Quincy Railroad* v. *McGuire,* 219 U. S. 549. *Mondou* v. *New York, New Haven, & Hartford Railroad,* 223 U. S. 1. *German Alliance Ins. Co.* v. *Kansas,* 233 U. S. 389. *Erie Railroad* v. *Williams,* 233 U. S. 685. The act is constitutional and is not open to criticism in the respects urged by the plaintiff. It follows that judgment rightly was ordered for the defendant in the action at law.

Hazel Young received her injury on June 10, 1913. She made no claim under the workmen's compensation act. But the insurer of her employer, acting under Part III, § 5, as amended by St. 1912, c. 571, § 10, which permits either party to act in case the insurer and the injured employee fail to agree as to the latter's compensation, notified the Industrial Accident Board of the accident, and a commission on arbitration was formed which made an award in favor of the employee. This course was warranted under the circumstances. *Burt* v. *Brigham,* 117 Mass. 307. A claim for review by the Industrial Accident Board was filed by the employee, but later withdrawn before any hearing. Hence by Part III, § 7, as amended by St. 1912, c. 571, § 12, the decision of the arbitration committee stood and became enforceable in the Superior Court. The insurer as permitted by the act took proper proceedings in that court, and a decree correct in form was entered for the payment of compensation in accordance with the report of the arbitration committee. The employee attempted to appeal from this decree. But it is plain from Part III, § 11, as amended by St. 1912, c. 571, § 14, that no appeal lies under these circumstances from the decree of the Superior Court. That section provides that when a decree of the Superior Court has been entered

"there shall be no appeal therefrom . . . where the decree is based upon a decision of an arbitration committee."

This is a provision obviously intended for the benefit of the employee to prevent any delay in receipt by him of the compensation. The machinery of the act is first a decision by the arbitration committee. If there is any dissatisfaction with this, the next step is a review by the Industrial Accident Board. If no such review is insisted upon, then there can be no further controversy on the facts, and the Superior Court, unless there is legal reason to the contrary, must enforce the award so made. The express provision of the act is that there shall be no appeal. In cases of errors of law apparent on the face of the record, they may be corrected by certiorari, or perhaps by some other appropriate remedy. *Young* v. *Blaisdell,* 138 Mass. 344. *Kiely* v. *Corbett,* 205 Mass. 158. Plainly in the case at bar there is no irregularity or want of jurisdiction, and the proceedings are not open to objection.

As there was no ground for appeal from the decree of the Superior Court, that appeal must be dismissed.

*Exceptions overruled. Appeal dismissed.*

*O. C. Scales,* for Hazel Young as the plaintiff in the first case and the employee in the second case.

*E. C. Stone,* for the defendant in the first case and for the insurer in the second case.