Garton *v.* Kleinknight—74 Ind. App. 267.

---

## GARTON ET AL. *v.* KLEINKNIGHT.

[No. 10,877. Filed November 26, 1920.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Employer's Knowledge of Injury.—Notice.*—Where employers had actual knowledge of an injury to an employe's eye and her incapacity therefrom, and that the injury had caused partial loss of vision, they could not, after failure to furnish physicians and hospital service escape liability for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) for total loss of vision of such eye resulting from the original injury on the ground that no written notice of total blindness was afterwards given them, since the employer's knowledge of the injury operated as a substitute for the written notice required by §22 of the act. p. 271.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Loss of Eye.—Commencement of Compensation.*—Section 28 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), providing that no compensation shall be allowed for the first seven days of disability resulting from an injury, does not apply to an award for the loss of an eye, since compensation was not on account of disability, but was allowed for the injury itself, so that compensation was properly made payable from the day of the injury.   p. 272.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Esther Kleinknight against Hilda Garton and another. From an award for applicant, the defendants appeal. *Affirmed.*

*Abraham Simmons, Charles G. Dailey, Samuel D. Miller* and *W. H. Thompson,* for appellants.

*Charles E. Sturgis* and *Robert W. Stine,* for appellee.

McMAHAN, C. J.—Claim by appellee against the appellants for compensation. The facts as found by the Industrial Board on final hearing are as follows:

On May 18, 1918, appellants as partners were engaged in the grocery business. On and prior to said date appellee was employed by them as a clerk at a weekly wage not exceeding ten dollars. On said date, while appellee was removing a top from an egg crate, a nail flew out and struck her in the right eye. This resulted in the permanent loss of vision of the injured eye. Appellants had actual knowledge of such injury within three days after the accident. Appellee was absent from her work for two weeks immediately after the accident on account of said injury, during which time she was unable to perform her duties as such employe. Appellants at that time had personal knowledge that appellee was not able to perform her duties. At the end of two weeks appellee returned to her duties and informed appellants that as a result of her injury

she had lost twenty per cent. of her vision. The impairment progressed so that shortly thereafter, as a direct result of the injury, the entire vision of said eye was permanently destroyed. Appellee did not, prior to the filing of her application for compensation herein, serve written notice upon appellants advising them that the injury to her eye had resulted in the permanent loss of the entire vision thereof. Appellants paid appellee $12 in compensation, but did not provide her with an attending physician for the treatment of her injury. Appellee provided her own physician and surgical supplies at a cost of $22.96.

Appellee was awarded 100 weeks' compensation at the rate of $5.50 per week, beginning May 18, 1918, appellants being given credit for the $12. An award of $22.96 was also made on account of medical expense incurred.

The errors assigned are that the award was not sustained by sufficient evidence, and was contrary to law.

The evidence shows that appellee, while working in appellants' store, was injured during their absence. The accident occurred about 10 a.m. on Saturday; appellee worked until noon and went home. Appellants learned of the accident the following evening. On the following Monday, appellee telephoned to the store and informed them that she would not be at the store that day. She went to see a physician two days after the accident, at which time the vision of the injured eye was only twenty per cent. normal. The following Wednesday, she went to another physician and in the evening, after returning from this physician, she had a conversation with one of the appellants. Appellee testified that she was blind in the injured eye at that time, and that she at that time told one of the appellants of the condition of her eye, and that she would not be able to work for a while. A physician who ex-

amined her in May, 1920, testified that she retained but one-fourth of one per cent. vision in the injured eye; that this condition had obtained a long time, having advanced rapidly after the injury.

The award of the Industrial Board was based on total blindness of the injured eye. Appellants contend that the award is contrary to law, and not supported by sufficient evidence, for the reason that no notice was given before the filing of this action that appellee had become blind as a result of the accident. Appellants do not deny knowledge of the accident and that they had knowledge of the nature and cause of the injury the fourth day after the accident, but contend that it is incumbent upon a claimant to notify the employer of an injury which has occurred in the course of employment, and in such notice to state "the exact nature of the injury so that the employer may have an opportunity to take proper steps in regard to the injured employe." They further contend that appellee was not wholly blind at the time when they learned of the injury; that they could not know such a condition would develop unless notified of that fact by appellee, and that they were entitled to a further notice after appellee became totally blind in the injured eye.

Section 22 of the Workmen's Compensation Act, Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918, provides that: "Every injured employe or his representative shall immediately upon the occurrence of an injury or as soon thereafter as practicable give or cause to be given to the employer written notice of the injury and the employe shall not be entitled to physician's fees nor to any compensation which may have accrued, under the terms of this act, prior to the giving of such notice: unless it can be shown that the employer, his agent or representative had knowledge of the injury or death, or that the party required to give such notice had been

prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person, or for equally good reason: but no compensation shall be payable unless such notice is given within thirty days after the occurrence of the injury or death, unless reasonable excuse is made to the satisfaction of the Industrial Board for not giving such notice."

Section 23, after enumerating what the notice shall state, provides that: "No defect or inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby, and then only to the extent of such prejudice." The burden of proving prejudice is on the employer.

There is no claim here that the disability has been increased by reason of any act on the part of appellee and that appellants did not have an opportunity

1. of furnishing medical attention. Appellants had timely knowledge of the accident and that appellee had received an injury to her eye that incapacitated her and that she had been taking medical treatment. The injury to the eye was patent. Had it been a latent injury developing months after the accident a different question would be presented. Appellants received actual knowledge of the accident and injury to appellee on the day of the accident. Two days later they knew that the injury was such that appellee could not return to her work, and on the fourth day after the accident appellee, after having been examined by two physicians, and when she had lost eighty per cent. of the vision of the injured eye, and, at a time when she says that she was blind in that eye, informed one of the appellants of such facts.

It is clear that appellants had timely knowledge that appellee was injured. It has been held many times that knowledge on the part of the employer is a substitute for written notice required by §22 of Workmen's Com-

272    APPELLATE COURT OF INDIANA,

Md. Casualty Co. *v.* Cleveland, etc., R. Co.—74 Ind. App. 272.

pensation Act, *supra.*   Appellants, having actual knowledge that appellee met with an accident which resulted in an injury to her eye which prevented her from working for a period of two weeks and within a week after the injury and having knowledge that the vision of the injured eye had been reduced to twenty per cent. of its normal vision, cannot, after failure to provide the necessary physicians and hospital service, escape liability on the ground that no written notice was afterwards given them of the fact that appellee had become totally blind in the injured eye.   Under the facts in this case such notice was not necessary.

The Industrial Board committed no error in making the compensation payable from the day of the injury.

2.   The compensation allowed by the board in this case was not on account of a disability resulting from an injury, but was allowed for the injury itself, that is, for the loss of an eye.   Section 28, of the Workmen's Compensation Act, *supra,* is not applicable.

Award affirmed, and under the statute is increased five per cent.