## IN RE TROUTMAN.
## IN RE KIRK.

[No. 11,318. Filed December 9, 1921.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Delay in Giving Notice of Injury.—Right to Compensation.*—Where an employe sustains an injury resulting in total temporary disability entitling him to compensation under §31 of Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), as amended Acts 1919 p. 158, failure to give notice until after the expiration of the thirty days allowed by §22, as amended by Acts 1919 p. 158, merely postpones the time when payment of compensation begins, and does not bar the employe's right to any portion of the compensation, where the employer is not prejudiced by the delay in receiving notice.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act in the matter of Helen Troutman and Lorenzo Kirk. Certified questions of law by the Industrial Board. Questions answered.

ENLOE, J.—The Industrial Board has submitted to this court, the following statements of fact, together with the questions hereinafter stated, for our determination, pursuant to the provisions of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918):

I.

"On the 2nd. day of July, 1921, one Helen Troutman was in the employ of the Elite Cloak Co. at an average weekly wage of $15.00; that on said date both the employer and employe were under and subject to the Indiana Workmen's Compensation Act; that on said

date the said Helen Troutman received a personal injury by an accident arising out of and in the course of her employment, resulting in her temporary total disability to work for a period of eleven weeks; that the employer did not at said time have actual knowledge of such injury nor did it acquire such knowledge at any time until eight weeks had expired; that the employe did not give to the employer written notice at any time until on the evening of the expiration of the eighth week; that the employe has presented a claim for compensation and insists that she is entitled to ten weeks compensation under clause (j) of section 31, acts 1919, (Acts 1919 p. 158).

"On the other hand the employer contends that she is entitled to only three weeks, by reason of the following provision in section 22, acts of 1919, to-wit,—'Unless such notice is given or knowledge acquired within thirty days from the date of the injury or death, no compensation shall be paid until and from the date such notice is given or knowledge obtained.'    Acts 1919 p. 158.

"In answer to this contention the employe contends that the following provision in section 22, acts of 1919, to-wit,—'No lack of knowledge by the employer or his representative and no want, failure, defect or inaccuracy of the notice shall bar compensation, unless the employer shall show that he is prejudiced by such lack of knowledge or by such want, failure, defect or inaccuracy of the notice, and then only to the extent of such prejudice,' does not shorten her period of compensation, but merely extends the time when compensation begins until the date upon which notice was given, which was on the day of the expiration of the eighth week; that there is no claim by the employer that he was prejudiced in any respect by the lack of knowledge of the employe's injury or by her failure to give notice at any time prior to the date upon which notice was given.

## II.

"On the 28th day of May, 1921, one Lorenzo Kirk was in the employment of the Hubbard Steel Co. at an average weekly wage in excess of $24; that on said date the said Kirk received a personal injury by an accident arising out of and in the course of his employment, by which a piece of steel penetrated the right eyeball, resulting in the total and permanent loss of the vision of said eye; that the employer did not have actual knowledge of said injury at the time of its occurrence, and did not acquire knowledge of such injury at any time within the period of ten weeks after its infliction; that on the last day of the tenth week immediately following the injury, the employe gave written notice to his employer of said injury.

"The employer makes no claim that its rights were prejudiced in any respect whatever by the failure to have actual knowledge of the injury at the time that it occurred, or by its failure to acquire knowledge within ten weeks after, or by the failure of the employe to give written notice of such injury until the expiration of ten weeks thereafter.

"The employe has filed a claim for compensation on account of said injury, claiming that he is entitled to compensation for the period of one hundred and fifty (150) weeks under clause (f) of Section 31 of the Indiana Workmen's Compensation Act, (Acts 1919 p. 158).

"The employer contends that he is entitled to only one hundred and forty (140) weeks compensation by reason of the failure of actual knowledge on its part at the time of the injury, and its failure to acquire knowledge for ten weeks thereafter, and the failure of the employe to give notice of such injury until the expiration of ten weeks.

"This claim is made under the following provision of section 22,—'Unless such notice is given or knowledge acquired within thirty days from the date of the injury or death, no compensation shall be paid until and from the date such notice is given or knowledge obtained.'

"Upon the other hand the employe insists that he is entitled to one hundred and fifty (150) weeks compensation and that the failure of the employer to have actual knowledge at the time of the injury or to acquire knowledge within ten weeks thereafter and his failure to give notice until the expiration of ten weeks, merely postpones the date upon which compensation begins. This claim is made under the following provision of section 22,—'No lack of knowledge by the employer or his representative and no want, failure, defect, or inaccuracy of the notice shall bar compensation, unless the employer shall show that he is prejudiced by such lack of knowledge or by such want, failure, defect or inaccuracy of the notice, and then only to the extent of such prejudice.'　(Acts 1919, p. 158.)

"Upon the foregoing facts the members of the Industrial Board disagree as to the proper award to be made in each of such cases.　Therefore, upon the facts stated, the Industrial Board of Indiana respectfully submits the following questions of law for determination.

"First:　Upon the facts stated in (I) would an award of compensation for ten weeks be according to law?

"Second:　Upon the facts stated in (II) would an award of compensation for one hundred and fifty weeks be according to law?"

The question for our consideration in this case involves the construction of a statute.　The issue between the employer and employe in each case is clear-cut.

Workmen's Compensation Laws have been adopted in many states, and the courts of such states have, from

Vol. 77—8

time to time, been called upon to interpret various provisions of such laws. In doing so, certain rules have been announced as rules for the guidance of the courts, in their endeavor to reach a correct conclusion as to the scope, meaning, or construction of such laws.

In the case of *Young* v. *Duncan* (1914), 218 Mass. 346, 106 N. E. 1, it was said: "The act is to be interpreted in the light of its purpose and, so far as reasonably may be, to promote the accomplishment of its beneficent design."

In the case *In re Kelly* (1917), 64 Ind. App. 594, 116 N. E. 306, it was said: "Effect should be given to all parts of the statute where it is reasonably possible so to do in harmony with the spirit and purpose of the whole act."

In *Fort Wayne, etc., Supply Co.* v. *Pfeiffer* (1916), 60 Ind. App. 615, 111 N. E. 192, this court said: "Remedial statutes are liberally construed to make them effective as to those who come within their provisions."

In the case *Matter of Petrie* (1915), 215 N. Y. 335, 109 N. E. 549, the provision of the statute under consideration was the following: "The loss of the *first phalange* of the thumb or finger shall be considered to be equal to the loss of one-half of such thumb or finger," etc. (Our italics.) The commission found that the claimant had suffered an injury by accident, to the third finger of his right hand, and that "in the amputation of the third finger about one-third of the bone of the distal phalange was cut off." It was contended on appeal that the injury was not compensable because the claimant had not lost the *first phalange*, but had lost only *a part thereof*, and hence was not within the statute. The court in denying such contention to be tenable said: "The Workmen's Compensation Law was adopted in deference to a wide spread belief and demand that compensation should be awarded the workmen who were

injured and disabled, temporarily or permanently, in the course of their employment even though sometimes the accident might occur under such circumstances as would not permit a recovery in an ordinary action at law. The underlying thought was that such a system of compensation would be in the interest of the general welfare by preventing a workman from being deprived of means of support, as the result of an injury received in the course of his employment. The statute was the expression of what was regarded by the Legislature as a wise public policy concerning injured employes. Under such circumstances we think it is to be interpreted with fair liberality, to the end of securing the benefits which it was intended to accomplish."

The Supreme Court of Washington in *Zappala* v. *Industrial Com.*, 82 Wash. 314, said,—"The Act should be liberally interpreted to the end that the purpose of the Legislature in suppressing the mischief and advancing the remedy, be promoted even to the inclusion of cases within the reason although outside the letter of the statute."

Section 22 of our Workmen's Compensation Act, Acts 1915 p. 392, *supra,* in the plainest language says,—

"No lack of knowledge   *   *   *   and no want, failure, defect, or inaccuracy of the notice shall bar compensation, unless," etc. There is no contention in this case of any prejudice having been suffered by reason of not having received notice of these injuries within thirty days, and hence we need not consider the exception contained in said statute.

Suppose the claimant, Helen Troutman, had suffered a temporary total disability of only eight weeks, at the close of which time she had informed her employer of said accident; suppose further, that he had been in no way prejudiced by her failure to give such notice within the thirty days, could it, with any reason be said, that

116    APPELLATE COURT OF INDIANA,

Indiana Manufacturers', etc., Assn. v. Dolby—77 Ind. App. 116.

she had, by such delay in giving notice to her employer, lost her right to recover compensation, when the statute says such delay shall not bar her right? Not only the letter but the entire spirit of our statute forbids such an interpretation. Yet this is what the employers interested in the matters now before us would have us declare. We cannot so hold. Even if there were doubts as to whether the claimants, under the facts stated, were entitled to compensation for the full periods claimed, we would be compelled, under the authorities cited, *supra,* to resolve all reasonable doubts in favor of such claimants.

We hold that the failure to give notice, under the circumstances set forth in these cases, merely postpones the time when the payment of compensation begins, and does not bar these claimants of their right to any portion of such compensation. We therefore answer each of said questions in the affirmative.