FEAR-CAMPBELL COMPANY *v.* YEARION.

[No. 13,305.   Filed December 14, 1928.]

*James L. Murray,* for appellant.
*Laymon & Laymon,* for appellee.

ENLOE, C. J.—This is an appeal from an award of the

Industrial Board allowing compensation to the appellee.

The Industrial Board, upon the hearing had before the full board, found, among other things, that in the month of December, 1926, and both prior and subsequent thereto, the appellee was in the employment of the appellant at an average weekly wage of $14.57; that in December, 1926, he received a personal injury by an accident arising out of and in the course of his employment with defendant, the exact date of such accident not being disclosed by the evidence; that the foreman of appellant, under whom appellee then worked, had actual notice of the accident and of plaintiff's injury; that thereafter, appellee was intermittently disabled; that, as a result of his injury, appellee became wholly disabled on November 23, 1927, and had continued and was so disabled on January 9, 1928, the date of the hearing before a single member of the board.

Based upon this finding, the board awarded compensation at the rate of $8.01 per week during disability resulting from said injury, not exceeding 500 weeks, from which award this appeal is prosecuted.

Appellant objects to this award, first, because it was made to continue "during disability," instead of "during total disability," and that it is, therefore, "indefinite," "illegal," and prejudicial to appellant. We cannot concur in this contention. The board found that appellee, as a result of said injury, became *wholly* disabled for work on November 23, 1927, and that such disability continued and existed on January 9, 1928. This finding entitled the appellee to an award as for *total* disability and *during total disability*, not exceeding 500 weeks. Should his condition change to one of *partial* disability, the appellant can then protect itself by making its application to the board for modification of the said award, on account of such change of condition, under the provisions of §45 of our Compensation Act.

It is also objected that said award is incomplete and unenforceable because it does not fix or designate the time or date when said payments of any money due thereon shall commence. There is no finding that the appellee was, as a result of said accident and injury, wholly and *permanently* disabled, and, in the absence of such a finding, we must assume that the evidence was not sufficient to support such a finding; that the finding is, in legal effect one of *temporary total disability*, and in clause (j) of §31 of our Compensation Act, it is provided that, in such cases, "there shall be paid to the injured employee during such total disability, but not including the first seven calendar days thereof, a weekly compensation equal to fifty-five per cent of his average weekly wages for a period not exceeding five hundred weeks." The award for compensation being made by the board, the statute fixes definitely the time when the payments thereon shall commence. The board found that, in this case, total disability began on November 23, 1927, and the statute says that the employee shall receive no compensation for the first seven days of such disability, but his compensation shall begin with the eighth day of such disability. (See, also, cl. 1 of §31). We, therefore, conclude that there is no merit in appellant's said contention in this behalf.

The appellant also insists that there is no evidence showing that appellant or its agent or representative had any knowledge that appellee had received an injury arising out of and in the course of his employment with appellant "until more than one year after the alleged occurrence." We cannot concur in this contention. The appellee testified that, on the morning of the accident, he went to the plant of appellant early, to build and fix the fire so that they could have hot water to scald chickens; that the morning was dark and cold; that, on entering the building, after pushing open the

doors, he struck his shin against a "cooling rack"; that he built a fire and then examined his leg; that as a result of striking his leg against the cooling rack, he had torn off, from his shin, a piece of skin about as big around as the end of his thumb; and that he put some iodine on it, and when Roy Pierce, who was the foreman for appellants came in, he told him about it and showed him his leg. Roy Pierce testified that, at the time in question, he was the foreman for the appellants; that appellee told him of the injury the morning it happened and showed him his leg; "the skin looked like it was ruffled up maybe an inch and a half long down the hard bone of the leg." This testimony discloses actual knowledge of the said injury by the appellant, through its foreman, Pierce. It is evident that both Pierce and appellee did not regard the injury as being of the serious nature that afterwards developed, but this fact can in no way relieve the appellant. A workman had received an injury by accident, arising out of and in the course of his employment, and his foreman had knowledge of these facts and should have reported the same to his superiors. His failure so to do cannot be charged against the appellee.

There is ample evidence to sustain the said award, and the same is hereby affirmed.