JOHN S. PIRTLE *v.* NATIONAL TEA COMPANY.

[No. 2-773A165. Filed March 26, 1974.]

*G. Michael Loveall,* of Franklin, for appellant.

*Theodore L. Locke, Jr.,* of Indianapolis, for appellee.

HOFFMAN, C.J.—This is a review of a decision of the Full Industrial Board of Indiana (Board) which denied John S. Pirtle (claimant) compensation for an injury that was found by the Board not to have arisen out of or in the course of the claimant's employment with National Tea Company (employer).

Omitting caption and formal parts, the specific findings made and the award entered by the Board are as follows:

"That on the 11th day of July, 1969, plaintiff was in the employ of the defendant at an average weekly wage in excess of the maximum;

"It is further found that on September 29, 1969 Dr. Brady removed a disc from plaintiff's back.

"It is further found that plaintiff was disabled from work of any kind for a period in excess of 26 weeks due to one or more discs in his back.

"It is further found that due to plaintiff's back trouble he incurred medical expenses in the amount of $5,428.16 all of which expenses were necessary.

"It is further found that plaintiff's back condition has reached a permanent and quiescent state and that plaintiff is permanently partially impaired in the amount of 35% to the man as a whole;

"It is further found that plaintiff had had several accidents on the job with the defendant prior to July 11, 1969, and on each occasion had reported by the company procedure.

"It is further found that plaintiff did not report an occupational accident to his foreman on July 11, 1969.

"It is further found that plaintiff alleges that while lifting a box of 20 mule team borax he injured his back at about 10:00 P.M. on that Friday, and that the incident made a sound like a gun and that plaintiff continued to work through his shift change.

"It is further found that plaintiff worked on Monday after July 11, 1969, and alleges that he went home at 10:00 P.M. Tuesday night because of the pain.

"It is further found that plaintiff did not sustain an accidental injury on July 11, 1969 by reason of an accident arising out of and in the course of his employment with the defendant.

"The Full Industrial Board of Indiana now finds for the defendant and against the plaintiff on plaintiff's Form 9 Application filed December 17, 1969.

"AWARD

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that the plaintiff shall take nothing by virtue of his Form 9 Application heretofore filed December 17, 1969."

The facts in the record most favorable to the appellee are as follows:

The claimant's testimony presented before the Board shows that while he was working on Friday, July 11, 1969, he picked up "a box of 20 Mule Team Borax, came between two skids and slipped," and in doing so he heard a "popping" sound in his back. The "box of 20 Mule Team Borax" referred to was a carton weighing "[b]etween 40 and 60 pounds." Thinking that he had only pulled a muscle in his back, he did not inform his employer of his injury at that time. Claimant returned to work on the following Monday and Tuesday; on the latter day he informed his foreman that his back was causing him pain from his injury of the previous Friday. The foreman sent the claimant home because of his inability to straighten up. The next day, the claimant informed the employer of his injury by telephone and was advised by an employee of the employer to go to the employer's clinic for treatment of the injury. The claimant went to the clinic several times over a period of weeks. The customer and employer representative of the Company testified that its file on claimant contained a memorandum stating that the accident had been reported to a foreman but he had refused to fill out the accident report because he was not the claimant's foreman on the night of the injury. The file also contained information indicating that the claimant had been sent to the clinic and that employer had received an $84.60 medical bill from the clinic for services rendered to claimant.

The findings and award deny compensation to the claimant because of lack of notice of the injury to the employer, and because the injury did not arise out of or in the course of his employment.

An injured employee must give notice to his employer as a condition precedent to receiving compensation under the Workmen's Compensation Act. IC 1971, 22-3-3-1, Ind. Ann. Stat. § 40-1222 (Burns 1965), states, in part:

"Notice to employer of injury or death.—Unless the employer or his representative shall have actual knowledge of the occurrence of an injury or death at the time thereof or or shall acquire such knowledge afterward, the injured employee or his dependents, as soon as practicable after the injury or death resulting therefrom, shall give written notice to the employer of such injury or death.

"Unless such notice is given or knowledge acquired within thirty [30] days from the date of the injury or death, no compensation shall be paid until and from the date such notice is given or knowledge obtained."

This court has long held that an employer seeking to defend against payment of a claim on the ground that he was prejudiced by lack of knowledge or defective notice of the employee's injury has the burden of proof to show such lack of notice or defective notice. *State* v. *Gageby* (1933), 95 Ind. App. 681, 184 N.E. 190; *In re Troutman* (1921), 77 Ind. App. 110, 133 N.E. 150; *Garton* v. *Kleinknight* (1920), 74 Ind. App. 267, 128 N.E. 770. And, even if the employer shows lack of notice, compensation is not barred unless the employer can show he is prejudiced by such lack of knowledge. Where such prejudice is shown, the employee's right to compensation is barred only to the extent of the prejudice. IC 1971, 22-3-3-1, § 40-1222 (Burns 1965), *supra.*

In the case at bar, the employer neither alleged that it was prejudiced by inadequate notice from the claimant, nor attempted to prove to what extent and in what manner claimant's failure to submit a written accident report has prejudiced. it.

IC 1971, 22-3-3-2, Ind. Ann. Stat. § 40-1223 (Burns 1965), sets forth the requirements of the employee's notice to his employer of his accident or injury:

"Contents and service of notice.—The notice * * * shall state the name and address of the employee, the time, place, nature and cause of the injury or death, and shall be signed by the injured employee or by some one in his behalf or by one [1] or more of the dependents, in case of death, or by some person in their behalf. Said notice may be served

personally upon the employer, or upon any foreman, superintendent or manager of the employer to whose orders the injured or deceased employee was required to conform or upon any agent of the employer upon whom a summons in a civil action may be served under the laws of the state, * * *."

This court has repeatedly held that under our Workmen's Compensation Act actual knowledge of a claimant's injury by another employee who has some supervisory authority over claimant is sufficient to impute that notice to the employer. *Fear-Campbell Co.* v. *Yearion* (1928), 88 Ind. App. 382, 164 N.E. 282; *Terre Haute, etc., Mfg. Co.* v. *Wehrle* (1921), 76 Ind. App. 656, 132 N.E. 698; *Vandalia Coal Co.* v. *Holtz* (1918), 68 Ind. App. 670, 120 N.E. 386; *Hornbrook-Price Co.* v. *Stewart* (1918), 66 Ind. App. 400, 118 N.E. 315; *Garton* v. *Kleinknight, supra.*

The court stated in *Fear-Campbell Co.* at 385 of 88 Ind. App., at 284 of 164 N.E.:

"[The] testimony discloses actual knowledge of the said injury by the appellant, through its foreman, Pierce. It is evident that both Pierce and appellee did not regard the injury as being of the serious nature that afterwards developed, but this fact can in no way relieve the appellant. A workman had received an injury by accident, arising out of and in the course of his employment, and his foreman had knowledge of these facts and should have reported the same to his superiors. His failure so to do cannot be charged against the appellee."

The testimony of the claimant herein is unclear as to whether he gave notice of his injury to his night foreman or the day foreman. However, the evidence is undisputed as to the fact that employer had in its records notification of the claimant's injury entered by the foreman so informed, notification that the claimant had been advised to seek medical services at the clinic, and notification that the claimant had, in fact, been rendered treatment for which the employer was billed by the clinic.

The law on the sufficiency of actual and imputed notice to an employer of an employee's injury is well stated in Small,

Workmen's Compensation Law, § 12.2, at 372-73 (1950):

"It is readily apparent from the statute that no formal notice of injury or death need be given if the employer has knowledge of it, either actually, or by imputation.

\* \* \*

"[T]he actual knowledge of any foreman, superintendent, or other person charged with authority over the injured employee's work is sufficient notice upon which to charge the employer. It is immaterial that the information may have been obtained quite informally, or that the supervisory employee failed to relay the knowledge to the employer.

\* \* \*

"It is enough if the employer has knowledge, either actual or imputed, that the workman has suffered an injury; he does not have to be fully informed of the consequences." [Footnotes omitted.]

Thus, even upon the facts most favorable to the appellee herein, the conclusion must be reached that the notice given by the claimant in the case at bar was sufficient. The employer was, in fact, aware that the claimant had been injured.

In addition to lack of notice, the Board also found that the claimant's injury did not arise "out of and in the course of his employment \* \* \*." Only two witnesses testified at the Board hearing—the claimant and the employer's representative. The claimant testified that he injured his back while working on the job, that he gave notice to a foreman, and that he received treatment at the direction of the employer. The employer's representative testified only that a formal report of the injury was not filed, although the claimant had filed such reports for previous injuries, and that the employer had been billed for the medical services rendered the claimant at the industrial clinic.

In *Williamson Co.* v. *Rev. Bd.* (1969), 145 Ind. App. 266, 250 N.E.2d 612, 18 Ind. Dec. 403, this court considered the various evidentiary bases upon which an administrative award such as that in the case at bar can be reversed. One basis stated therein is where there is no substantial evidence to support the conclusions of the hearing body.

·· In the case at bar, the claimant's testimony that his injury arose in the course of his employment was uncontradicted. Thus, the Board's finding that the injury did not so arise has no evidentiary basis, and cannot be sustained on appeal.

The award of the Full Industrial Board of Indiana is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 308 N.E.2d 720.