PETER GREEM *vs.* HARRY COHEN.

Suffolk.    January 5, 1937. — November 29, 1937.

Present: RUGG, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Employer's liability: notice, fellow servant, effect of workmen's compensation act. *Workmen's Compensation Act.*

By force of G. L. (Ter. Ed.) c. 152, § 66, an employee of one not insured under the workmen's compensation act could recover from his employer for injuries caused by negligence of a fellow employee who was exercising superintendence without giving the notice described in § 6 of G. L. (Ter. Ed.) c. 153.

TORT. Writ in the Superior Court dated June 28, 1932.

The action was tried before *M. Morton*, J. There was a verdict for the plaintiff in the sum of $1,250. The defendant alleged exceptions.

*Lee M. Friedman*, (*F. L. Kozol* with him,) for the defendant.

*J. E. O'Connell*, for the plaintiff.

RUGG, C.J. The plaintiff seeks in this action of tort to recover compensation for injuries sustained by him while in the employ of the defendant. The only questions now raised relate to the count in the declaration which charged that "on or about April 24, 1932, he was in the employ of the defendant; that, by reason of the negligence of some person in the service of the defendant, entrusted with and exercising superintendence, whose sole principal duty was that of superintendence, the plaintiff, while in said employ, and while in the exercise of due care and diligence was injured and suffered great pain of body and anguish of mind and paid out large sums of money for medicines and medical attendance . . . ." There was sufficient evidence, which need not be narrated, to support these allegations.

A motion filed by the defendant requesting that a verdict be directed in his favor was denied. The trial judge instructed the jury that the only question to be determined was whether or not the superintendent or foreman was negligent, and refused to instruct the jury that the plaintiff was required to prove that he gave notice of his injury to the defendant as required by G. L. (Ter. Ed.) c. 153, §§ 1, 6. Exceptions were duly saved on these points.

The cause of action set out in the declaration and supported by evidence was personal injury received by the plaintiff while in the employ of the defendant through the negligence of his superintendent or foreman. That was a cause of action which did not exist at common law because of the fellow servant doctrine. The defendant was not insured under the workmen's compensation act. Therefore, under G. L. (Ter. Ed.) c. 152, § 66, the defendant was deprived of the defence that "the injury was caused

by the negligence of a fellow employee." The plaintiff, however, is still bound to prove the other necessary elements giving rise to liability on the part of the defendant.

The underlying reason why an employer was not liable at common law for injuries sustained by an employee through the negligence of a superintendent or foreman was that the latter was a fellow servant of the former. A defendant was not liable at common law for injuries received by an employee through the negligence of his superintendent or foreman because they were fellow servants. *Farwell* v. *Boston & Worcester Railroad*, 4 Met. 49. *Albro* v. *Agawam Canal Co.* 6 Cush. 75. *O'Connor* v. *Roberts*, 120 Mass. 227. *Flynn* v. *Salem*, 134 Mass. 351. *Neagle* v. *New York, New Haven & Hartford Railroad*, 214 Mass. 472, 474. *Grebenstein* v. *Stone & Webster Engineering Corp.* 205 Mass. 431, 437. *Jordan* v. *New England Structural Co.* 197 Mass. 43, 45. *Granara* v. *Jacobs*, 212 Mass. 271, 274. *Colford* v. *New England Structural Co.* 205 Mass. 283, 284. The law was changed in this particular before the enactment of the workmen's compensation act by the passage of the employers' liability act, St. 1887, c. 270; now G. L. (Ter. Ed.) c. 153. It is provided by said c. 153, § 1, that "If personal injury is caused to an employee . . . by reason of . . . negligence of a person in the service of the employer who was intrusted with and was exercising superintendence . . . ; The employee, or his legal representatives, shall, subject to the eight following sections, have the same rights to compensation and of action against the employer as if he had not been an employee . . . ." One of the "eight following sections" is § 6, which provides that "No action for the recovery of damages for injury under section one of this chapter . . . shall be maintained unless [written] notice of the time, place and cause of the injury is given to the employer within sixty days . . . after the accident which causes the injury . . . ." There was no allegation or proof that such written notice was given in the case at bar.

The argument of the defendant is that the employers' liability act and the workmen's compensation act coexist

in our statutes (G. L. [Ter. Ed.] cc. 152, 153), that each must be given full force and effect in its own field, that they must be construed, so far as possible, to constitute an harmonious body of statutory law, and that hence the plaintiff had no cause of action upon the facts here disclosed, because, in order to make out a cause of action, he must rely upon the employers' liability act, which alone gives a right of recovery by an action at law to an employee for injuries received by the negligence of a superintendent, and which requires proof that written notice was given within the specified time. The defendant relies upon decisions to the effect that the written notice under the employers' liability act is a condition precedent to the right of action. "It is not simply one of the steps in enforcing a right of action already existing, but is the last circumstance necessary to the creation of such right. The liability is not complete until the notice is given." *Healey* v. *George F. Blake Manuf. Co.* 180 Mass. 270, 272, 273. *Finneran* v. *Graham,* 198 Mass. 385. *Baird* v. *Baptist Society,* 208 Mass. 29. *Meniz* v. *Quissett Mill,* 216 Mass. 552. *Sharp* v. *Giesow,* 265 Mass. 506. *Miller* v. *Rosenthal,* 258 Mass. 368.

That contention of the defendant, in our opinion, cannot be sustained. The history of the common law and the statutory modifications enacted from time to time on this point demonstrate that the requested rulings were denied rightly and that the instruction given was correct. As already pointed out, at common law an employee had no cause of action against his employer to recover compensation for injuries sustained by him through the negligence of a superintendent, foreman, or other fellow workman. By the enactment of the employers' liability act, St. 1887, c. 270, now G. L. (Ter. Ed.) c. 153, the liability of an employer to an employee was greatly extended in other respects as well as by the abolition to some extent of the rigor of the fellow servant rule. *Ryalls* v. *Mechanics' Mills,* 150 Mass. 190. In this state of the law the workmen's compensation act was enacted. St. 1911, c. 751 (now G. L. [Ter. Ed.] c. 152). Its Part I was entitled "Modification of Reme-

dies." By § 1 it was provided that in "an action to recover damages for personal injury sustained by an employee in the course of his employment, or for death resulting from personal injury so sustained, it shall not be a defense: 1. That the employee was negligent; 2. That the injury was caused by the negligence of a fellow employee; 3. That the employee had assumed the risk of the injury." It is manifest that these provisions were designed to make sweeping changes in the law governing the relations of master and servant as to personal injuries received by the latter. They were not mere amendments to the existing law. The workmen's compensation act was new legislation having a procedure all its own. It established in instances to which it was applicable, in place of the common law or statutory remedy for personal injury, based upon tort, a system whereby compensation for all personal injuries or death of the employee should be determined by a public board. For the accomplishment of these ends a simple method was furnished operating without delay or unnecessary formality. The practice is direct and flexible. *Gould's Case*, 215 Mass. 480, 482.

The workmen's compensation act was passed in response to strong public sentiment that the remedies afforded by actions of tort at common law and under the employers' liability act were inadequate. *Young* v. *Duncan*, 218 Mass. 346, 349. While the workmen's compensation act did not compel employers to come under the new scheme of compensation, it manifested the purpose in its first section, now G. L. (Ter. Ed.) c. 152, § 66, to leave nonsubscribing employers in such a disadvantageous position that hardly any employer could afford not to accept the insurance provisions of the act. *Young* v. *Duncan*, 218 Mass. 346. *Cox's Case*, 225 Mass. 220, 223. The act "disclosed a legislative aim to secure its wide adoption and use." *Armburg* v. *Boston & Maine Railroad*, 276 Mass. 418, 421. The first section was vital to the success of the whole plan of the statute. Without the diminishment of the rights of defendant employers and the enlargement of the rights of plaintiff employees in actions at law, effected by the first

section, a very limited number of employers would be likely to become insured under the act. "The interpretation of the act has been and ought to be, so far as reasonably practicable, to promote the accomplishment of its beneficent design." *Armburg* v. *Boston & Maine Railroad*, 276 Mass. 418, 421.

It is unlikely that the Legislature, which, before passing the act, had been informed in *Opinion of the Justices*, 209 Mass. 607, 610, of its power to change or to do away with the rules of law relating to the effect of negligence of a fellow servant as a defence, intended to keep for the protection of noninsuring employers any fragment of the fellow servant rule. To do so would be inconsistent with the aim of the Legislature in enacting § 1 and also with the oft-repeated statements in our opinions to the effect that all a plaintiff in such a case must do to be entitled to recover is to prove negligence of the defendant or his servants.

It was said in *Hutchinson* v. *Sovrensky*, 267 Mass. 5, 6: "In such a case the only question is whether there was any evidence of the negligence of the defendant or his servants or agents having causal connection with the injury to the plaintiff." Similar unqualified statements were made in *Currier* v. *Whitin Machine Works*, 258 Mass. 82, 85; *McGonigle* v. *O'Neill*, 240 Mass. 262, 263; *Pope* v. *Heywood Brothers & Wakefield Co.* 221 Mass. 143, 144. In *Ray* v. *Western Union Telegraph Co.* 258 Mass. 303, 305, it was said: "As the defendant was not insured under the workmen's compensation act, the only defence open to it is that there was no evidence of its negligence." Similar statements appear in *Gayton* v. *Borsofsky*, 230 Mass. 369, 370; *Cronan* v. *Armitage*, 285 Mass. 520, 524. In effect there is no difference between saying that the only defence open to a defendant is that there was no evidence of his negligence, and in saying that the only question is whether there is evidence of the negligence of the defendant. In none of these cases was the question of notice discussed. But they all hold that a plaintiff in such cases is entitled to recover if he merely proves that there was negligence on the part of the defendant or his servants or agents which

caused his injury. That must now be taken to be the settled interpretation of the language of the statute.

The scope of the employers' liability act and that of the workmen's compensation act do not coincide. An adequate reason for the retention of the former act in the statutory law after the enactment of the latter well may have been a legislative desire not to reduce the rights of an employee not protected by the latter act. An employee may disclaim rights under the workmen's compensation act and claim his "right of action at common law." G. L. (Ter. Ed.) c. 152, § 24. At first the workmen's compensation act did not cover "casual" employment. *King's Case*, 220 Mass. 290. It does not now cover an employment "not in the usual course of the trade, business, profession or occupation of his employer." *Olsen's Case*, 252 Mass. 108, 109. *Van Deusen's Case*, 253 Mass. 420. For a considerable time it did not apply to municipalities. St. 1913, c. 807. The employers' liability act applied to municipalities. *Coughlan* v. *Cambridge*, 166 Mass. 268. It is not necessary to determine in the case at bar the instances where the employers' liability act would afford remedy to an employee not entitled to the benefits of the workmen's compensation act.

The conclusion follows that in the circumstances here disclosed the provision of G. L. (Ter. Ed.) c. 152, §§ 66, 67, to the effect that in "an action to recover damages for personal injury sustained by an employee in the course of his employment" it shall not be a defence to an employer not insured under the workmen's compensation act that "the injury was caused by the negligence of a fellow employee," does not admit of any exception based on the facts that such fellow employee was a superintendent or foreman and that no notice of the injury was given under the employers' liability act as required by G. L. (Ter. Ed.) c. 153, §§ 1, 6.

*Exceptions overruled.*