OPINION OF THE JUSTICES TO THE SENATE AND THE HOUSE OF REPRESENTATIVES.

*Constitutional Law,* Workmen's compensation, Due process of law, Trial by jury, Equal protection of the law, Police power.

Proposed statutes amending the workmen's compensation act by adding a provision that "every employer shall provide for the payment of compensation insurance in accordance with the provisions of" the act "and in the manner therein provided," or by adding provisions whereby an employer might become a "self insurer" instead of being insured under the act, but neither expressly nor by implication repealing any provision of the act or providing for its enforcement by any other means than those already in the act, would be constitutional.

A proposed statute amending the workmen's compensation act by determining certain employments to be "hazardous," requiring employers therein to insure under the act and providing that, if such an employer should fail to do so, he should be subject to a fine and "the employee may maintain an action at law for damages on account of injury or death; or instead of proceeding at law, the employee may apply for compensation in accordance with the provisions of" the act "and the decisions of the department" of industrial accidents "shall for all purposes be enforceable under" § 11 of the act "as against the employer as though he were an insurer," but not depriving employees of their rights at common law, would not violate constitutional provisions as to due process of law, right to trial by jury, or the equal protection of the law, and would be constitutional as a reasonable exercise of the police power.

A proposed amendment to the workmen's compensation act requiring employers to provide for the payment of workmen's compensation benefits by insurance or by qualifying as a "self insurer," and imposing a penalty for failure to do so, would be constitutional.

On March 6, 1941, the House of Representatives, and on March 12 the Senate in concurrence, adopted an order, which was transmitted to the Justices on March 17, requesting their opinions, as follows:

ORDERED, That the opinions of the Honorable the Justices of the Supreme Judicial Court be required by the General Court on the following important questions of law:

1. Is it constitutionally competent for the General Court to require employers to provide by insurance for the payment of the compensation provided for by chapter 152 of the General Laws, substantially as provided by the bill printed as House, No. 2036, especially in view of the limitations on the police power under the Constitution of the Commonwealth, the provisions of Articles I, X, XII and XV of Part the First of said Constitution and Section 1 of Article XIV of the Amendments to the Constitution of the United States?

2. Is it constitutionally competent for the General Court to classify certain employments as hazardous and require employers engaged in such employments to provide by insurance for the payment of such compensation, subject, in case of failure so to provide therefor, to punishment

by fine, and to certain civil remedies, substantially as provided by the bill printed as House, No. 2037, especially in view of said limitations on the police power, said Articles I, X, XII and XV, so much of said Section 1 as relates to due process of law, and, as between such employers and other employers, so much of said Section 1 as relates to denial of the equal protection of the laws?

3. Is it constitutionally competent for the General Court to require all employers, with certain exceptions, to provide by insurance or self insurance for the payment of such compensation, subject, in case of failure so to provide therefor, to punishment by fine or imprisonment, substantially as provided by the bill printed as House, No. 2038, especially in view of the constitutional limitations and provisions mentioned in question 1?

4. Is it constitutionally competent for the General Court to require all employers, with certain exceptions, to provide by insurance or self insurance for the payment of such compensation, substantially as provided by the bill printed as House, No. 568, especially in view of the constitutional limitations and provisions mentioned in question 1?

On May 20, 1941, the Justices returned the following answers, which were read in the respective bodies on that day:

To the Honorable the Senate and the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions set forth in an order adopted by the House of Representatives on March 6, 1941, and by the Senate on March 12, 1941, and transmitted to the Justices on March 17, 1941. A copy of the order is hereto annexed.

The questions submitted relate to certain bills pending before the General Court, printed as House, Nos. 2036, 2037, 2038, 568, copies of which accompany the order. Each of these bills is in the form of an amendment to G. L. c. 152, the workmen's compensation law. The questions

submitted involve the constitutionality of certain aspects of these bills.

The existing law has been held to be an optional rather than a compulsory law, although it exerts strong pressure upon an employer to insure thereunder, particularly by depriving a noninsuring employer of his common law defences, for the recognized purpose of leaving noninsuring employers "in such a disadvantageous position that hardly any employer could afford not to accept the insurance provision of the act." See *Greem* v. *Cohen*, 298 Mass. 439, 443–444. Nevertheless the law has been held constitutional. *Young* v. *Duncan*, 218 Mass. 346, 351. *Madden's Case*, 222 Mass. 487, 497–498. *Duart* v. *Simmons*, 231 Mass. 313, 320. *Fountaine's Case*, 246 Mass. 513, 515. See also *Opinion of the Justices*, 209 Mass. 607.

Each of the bills referred to in the order purports to require employers to provide in some manner for the payment of workmen's compensation benefits. The bill printed as House, No. 2036[1] provides merely for such payment "in accordance with the provisions of this chapter [G. L. c. 152] and in the manner therein provided." The bill printed as House, No. 568 would add to the existing law somewhat detailed provisions whereby an employer may bring himself within the provisions of the workmen's compensation law by qualifying as a "self-insurer" as an alternative to insuring with an insurance company as provided by the existing law. But neither of these bills provides expressly for enforcement of the requirement that employers provide for the payment of workmen's compensation benefits by any means other than those provided by the existing law for inducing employers to insure under such law. Neither of these bills expressly repeals any provision of existing law and in our opinion no such repeal is to be implied. And since the existing law provides specific inducements to employers to insure under the workmen's compensation

---

[1] The text of H. 2036 merely added to the workmen's compensation act a section 4A reading as follows: "Every employer shall provide for the payment of compensation insurance in accordance with the provisions of this chapter and in the manner therein provided." — REPORTER.

law authorization of other methods of inducing them so to insure — or to become self-insurers under the bill printed as House, No. 568 — is not to be implied. See *Boston* v. *Shaw*, 1 Met. 130, 138–139. See also *Wilson* v. *Grace*, 273 Mass. 146, 154. In practical effect, therefore, these bills, if enacted, would exert no greater compulsion upon employers to provide for the payment of workmen's compensation benefits than does the existing law. Under either of these bills the employers would have the same election that they now have to take the risk of the enlarged common law liability of a noninsuring employer. The bills so interpreted would be constitutional upon the authority of the cases holding the existing law constitutional.

We answer the first and the fourth questions submitted "Yes."

The bill printed as House, No. 2037 relates solely to hazardous employments. It provides that certain listed employments, many in number, "are hereby determined and declared to be hazardous employments." It is not within the scope of our duty to examine in detail this list to determine the extent to which the employments listed may properly be treated as hazardous employments. We answer the question submitted relating to this bill upon a general view of the bill as making a distinction between hazardous and other employments. See *Opinion of the Justices*, 275 Mass. 580, 582, 583–584. This bill amends G. L. c. 152, by providing that every "employer carrying on or conducting a hazardous employment shall provide workmen's compensation insurance in accordance with the provisions of this chapter." In this respect the bill as it relates to hazardous employments resembles the bills already considered.

The bill, however, contains the following provisions: "If such an employer fails to insure the payment of workmen's compensation, the employee may maintain an action at law for damages on account of injury or death; or instead of proceeding at law, the employee may apply for compensation in accordance with the provisions of this chapter and the decisions of the department shall for all purposes be enforceable under section eleven [providing for enforcement

of such decisions in a manner resembling equitable procedure, *Devine's Case*, 236 Mass. 588, 593] as against the employer as though he were an insurer. Any employer who fails to insure the payment of workmen's compensation as required by this section shall be punished by a fine of not more than five hundred dollars, such fines to be paid into the treasury of the commonwealth for the benefit of the special fund established by section sixty-five of this chapter."

This bill does not purport to deprive employees of their common law rights. The workmen's compensation law as amended thereby would continue to be optional on the part of employees. And the provision that "the employee may maintain an action at law for damages on account of injury or death" against a noninsuring employer is merely a continuation of the existing law. But the provisions subjecting a noninsuring employer to liability in accordance with the provisions of the workmen's compensation law and subjecting him to a fine for failure to insure go beyond the provisions of existing law and in effect would make the law compulsory as to employers. Under the decisions of the Supreme Court of the United States this compulsory feature would not in our opinion render the bill, if enacted, and the workmen's compensation law, as thereby amended, invalid under the Constitution of the United States. *New York Central Railroad* v. *White*, 243 U. S. 188. See also *Hawkins* v. *Bleakly*, 243 U. S. 210, 213; *Mountain Timber Co.* v. *Washington*, 243 U. S. 219. And we are of the same opinion with respect to the Constitution of the Commonwealth. No decision of this court has gone to that extent. However, it has been recognized by this court that the existing workmen's compensation law in its general aspects is a constitutional exercise of the police power for a public purpose. See *Ahmed's Case*, 278 Mass. 180, 184. The reasoning of the Supreme Court of the United States in cases above cited upon related questions under the Constitution of the United States is highly persuasive that the bill, if enacted, would not be in conflict with the Constitution of the Commonwealth. And in *Howes Brothers Co.* v. *Unemployment Compensation Commission*, 296 Mass. 275, a com-

pulsory unemployment compensation law was sustained as constitutional, the court, saying, at page 284, citing these and other cases: "Workmen's compensation acts have been supported as an exercise of the police power. Their effect is to impose on the designated classes of employers of labor the burden of compensation for injuries to employees arising out of and in the course of their employment, leaving the employer to reimburse himself for the expense as a part of the cost of his product. . . . In reason it is difficult to distinguish these decisions from the cases at bar." Compare *Opinion of the Justices*, 251 Mass. 569, 598–599. Though the method of providing for workmen's compensation under the bill is different from the method by which unemployment compensation is provided under the unemployment compensation law, we see no reason for distinguishing the bill on that ground with respect to its constitutionality. The method to be followed under the bill is the same as that followed under the existing workmen's compensation law.

In our opinion the bill is not in conflict with Part I, art. 15, of the Constitution of the Commonwealth, guaranteeing the right of trial by jury in certain cases. The existing workmen's compensation law as amended by the bill would not provide a new remedy to enforce a common law liability, but rather, in the exercise of the police power, would attach new incidents to the relationship of employer and employee, to be enforced by a procedure analogous to equitable procedure. See *Devine's Case*, 236 Mass. 588, 593; *Greem* v. *Cohen*, 298 Mass. 439, 443. No such right in an employee as the right to workmen's compensation was known to the law at the time the Constitution was adopted and the new right is created in recognition of the fact that "the remedies afforded by actions of tort at common law and under the employers' liability act were inadequate." *Greem* v. *Cohen*, 298 Mass. 439, 443. See also *Young* v. *Duncan*, 218 Mass. 346, 349. With respect to the enforcement of an employee's common law rights when reserved by him, we find nothing in the bill that excludes trial by jury on any issue involved, including the

issue whether the employer was insured. See *Young* v. *Duncan*, 218 Mass. 346, 348; *Mountain Timber Co.* v. *Washington*, 243 U. S. 219, 235. The new right conferred by the bill upon an employee, in substitution for his common law rights, is not a right to property as damages, but a right to protection by insurance. See G. L. c. 152, § 26. As between an employee waiving his common law rights and an insured employer there is no controversy concerning property. As between such an employer and such an employee the existing law as amended by the bill "leaves nothing to be tried by jury." *Mountain Timber Co.* v. *Washington*, 243 U. S. 219, 235. And an insurer by electing to insure an employer consents to the procedural provisions of the existing law as amended by the bill. See *Ahmed's Case*, 278 Mass. 180, 183.

The imposition upon an employer of a fine for his failure to provide for workmen's compensation is clearly a proper method of enforcing compliance with a requirement that such compensation be provided. The provision allowing an employee to recover compensation from a noninsuring employer in accordance with the provisions of the workmen's compensation law presents greater difficulties. But the decisions in *New York Central Railroad* v. *White*, 243 U. S. 188, 207–208, imports that such a provision is not in conflict with the Constitution of the United States and for like reasons, in our opinion, it is not in conflict with the Constitution of the Commonwealth. If, as we think, the provisions of Part I, art. 15, of the Constitution of the Commonwealth, guaranteeing the right to trial by jury in certain cases, are not violated by requiring an employer to obtain workmen's compensation insurance, it would seem that upon his failure to do so the employee could be empowered to enforce against the employer under the workmen's compensation law the same right that he could have enforced against the insurer if the employer had performed his statutory duty. In substance he elects to become the insurer.

Furthermore, a classification of employments as hazardous and nonhazardous, with a requirement that employers

carrying on or conducting hazardous employments provide workmen's compensation insurance while it remains optional with other employers to provide such insurance, cannot in our opinion rightly be said to be an unreasonable classification resulting in denial of equal protection of the law. *Mountain Timber Co.* v. *Washington*, 243 U. S. 219. *Middleton* v. *Texas Power & Light Co.* 249 U. S. 152, 159–160.

We answer the second question submitted "Yes."

The bill printed as House, No. 2038 contains provisions relating to self-insurance by employers resembling provisions contained in the bill printed as House, No. 568. And there are other amendments to the workmen's compensation law that we have not examined in detail. We answer the question submitted with respect to the general nature of the bill. In substance, this bill, if enacted, will require employers to provide for the payment of workmen's compensation benefits to their employees and imposes a penalty for failing to make such provision. In this particular it resembles the bill printed as House, No. 2037, and, in accordance with what has been said with respect to that bill, we are of opinion that the bill printed as House, No. 2038 is not unconstitutional by reason of this compulsory feature.

We answer the third question submitted "Yes."

FRED T. FIELD.
CHARLES H. DONAHUE.
HENRY T. LUMMUS.
STANLEY E. QUA.
ARTHUR W. DOLAN.
LOUIS S. COX.
JAMES J. RONAN.