**OPINION OF THE JUSTICES OF the SU-
PREME JUDICIAL COURT given under
the Provisions of Section 3 of Article VI
of the Constitution.**

Supreme Judicial Court of Maine.

Question Propounded by the Senate in an
Order Dated Feb. 6, 1974.

Answered Feb. 27, 1974.

## ANSWER OF THE JUSTICES

To the Honorable Senate of the State of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answer to the question propounded on February 6, 1974.

QUESTION: Do the provisions of Legislative Document No. 2296, an Act now pending before the 106th Legislature (Exhibit A) unconstitutionally impinge upon an employer's right to a trial by jury as declared by Article I, Section 20 of the Constitution of Maine?

ANSWER: We answer in the negative.

Article I, Sec. 20, of the Constitution of Maine provides:

"In all civil suits, and in all controversies concerning property, the party shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practiced: the party claiming the right may be heard by himself and his counsel, or either, at his election."

The Maine Workmen's Compensation Law was enacted by P.L.1915, c. 295, approved April 1, 1915.

It was embodied in the Revised Statutes of 1916, Chapter 50, sections 1 to 48, and was reenacted with modifications as Chapter 238, Public Laws of 1919.

It is now 39 M.R.S.A. 1 et seq.

The Act was first challenged as to its constitutionality in Mailman's Case, 118 Me. 172, 106 A. 606 (1919). The Court in that case, speaking through Mr. Justice Deasy (later Chief Justice) said in part:

". . . in causes arising under The Workman's Compensation Act the chairman of the Industrial Accident Commission is by statute made the trier of facts and his decrees are, in the absence of fraud, final.

"The constitutionality of a law vesting such a power in a tribunal not a court with a jury and which is partly and perhaps primarily administrative has been questioned.

"The Maine Workman's Compensation Act is elective. No employer or employee is bound to submit to it without his assent, actively or passively manifested. Substantially similar statutory provisions have been upheld generally by courts. (Citations omitted) For reasons which are in these cases mobilized in compelling force, we hold that the Maine Compensation Act is not violative of the Constitution in respect to the method by it provided for the exclusive determination of issues of fact." 118 Me. at 175, 106 A. at 607.

Legislative Document No. 2296 differs from the Laws of Maine, 1915, Chapter 295, and the present law, 39 M.R.S.A. 1, et seq., in the critically important respect that it is not elective, and thus no waiver principle can be invoked.

By its terms it covers all employers (with exceptions not here material) and all employees (with exceptions not here material).

The Act applies to every employer without regard to his assent or lack of it. Each employer subject to the Act is required to secure compensation and other benefits to his employees by either,

(a) insuring and keeping insured the payment of such compensation and other benefits under an industrial accident insurance policy, or

(b) furnishing satisfactory proof to the Commission of his solvency and financial ability to pay the compensation and benefits, and deposit cash, satisfactory securities or a surety bond in such sum as the Commission may determine; such bond to run to the Treasurer of State and his successor in office, and to be conditioned upon the faithful perform-

ance of this Act relating to the payment of compensation and benefits to an injured employee.

Section 10 of the proposed Act would impose a criminal penalty upon any employer who is required to secure the payment to his employees of the compensation provided for by the Act and fails to do so.

The proposed Act further provides that any private employer who has not secured payment of compensation under sections 21 to 27 shall not be entitled to the defenses set forth in section 3 of the proposed Act in any civil action brought by the employee (with exceptions not here material) to recover for personal injuries or death arising out of and in the course of his employment.

Moreover, the employee of such employer may, in lieu of bringing such a civil action, claim compensation from such employer under the Act.

Section 9 of the proposed Act makes provision that whenever the employer shall have secured the payment of compensation as provided in sections 21 to 27 the employee shall be held to have waived his right of action at common law and under the statute specified in section 4 of the proposed Act to recover damages for the injuries sustained by him.

The Workmen's Compensation Act was enacted pursuant to the police power of the State. Its purpose is to lift the burden of industrial accidents from injured workmen and their dependents and place it on industry, and finally through insurance premiums, distribute it to society as a whole.

The Act thus gave a new remedy for victims of industrial accidents and created a new tribunal of the administration of such remedy, i. e., the Industrial Accident Commission.

As Mr. Justice Morrill, concurring in Nadeau v. Caribou Water, Light & Power Co., 118 Me. 325, 333, 108 A. 190, 194, said:

"That act did not create any new cause or form of action; it did not give an injured employee a new remedy in the courts of the State; but it did give a new and wider remedy for securing compensation for industrial injuries, by a procedure in which negligence has no place and which is designed to charge compensation for injuries received by employees in industry upon the industry itself. That procedure is entirely outside the common-law courts, and is only reviewable in equity to a limited extent."

The Justices of the Supreme Court of the Commonwealth of Massachusetts were asked to express their opinion concerning the constitutionality of a compulsory new Workmen's Compensation statute in Massachusetts. Opinion of the Justices to the Senate and House of Representatives, 309 Mass. 571, 34 N.E.2d 527 (1941).

There as here, the question was raised as to whether or not the proposed statute impinged on the constitutionally guaranteed right to trial by jury under Part I, article 15, of the Constitution of the Commonwealth of Massachusetts.

The Justices answered at page 601, 34 N.E.2d at page 545:

"So far as proceedings under the workmen's compensation law are concerned the law 'creates rights and remedies and procedure all its own, not previously known to the common or statutory law,' and to parties properly within its terms 'it abolishes old legal rights and obligations and creates a new relation with its peculiar statutory incidents.' (Citations omitted) If 'the parties are subject to the act then all their rights arising under it are to be settled by the agencies there provided and not as in actions at common law.' (Citations omitted) This principle is applicable to the right to trial by jury. Employers insuring under the workmen's compensation law are subject to no liability at common law for personal injuries sustained by employees not reserving their common law rights.

Such employers are not harmed by being relieved from such liability and in our opinion the substitution, in the manner provided by the workmen's compensation law as changed by the proposed law, for the common law liability of employers insuring under that law to employees not reserving their common law rights, of a system of workmen's compensation insurance to be administered in the manner provided by the workmen's compensation law as so changed is not open to constitutional objection on the ground that in such administration there is to be no trial by jury."

The Massachusetts Court earlier had explained its reasoning in Opinion of the Justices, 309 Mass. 562 at 568, 35 N.E.2d 1 at 4, as follows:

"The existing workmen's compensation law as amended by the bill would not provide a new remedy to enforce a common law liability, but rather, in the exercise of the police power, would attach new incidents to the relationship of employer and employee, to be enforced by a procedure analogous to equitable procedure. See Devine's Case, 236 Mass. 588, 593, 129 N.E. 414; Greem v. Cohen, 298 Mass. 439, 443, 11 N.E.2d 492. No such right in an employee as the right to workmen's compensation was known to the law at the time the Constitution was adopted and the new right is created in recognition of the fact that 'the remedies afforded by actions of tort at common law and under the Employers' Liability Act were inadequate.' Greem v. Cohen, 298 Mass. 439, 443, 11 N.E.2d 492, 494. See also Young v. Duncan, 218 Mass. 346, 349, 106 N.E. 1. With respect to the enforcement of an employee's common law rights when reserved by him, we find nothing in the bill that excludes trial by jury on any issue involved, including the issue whether the employer was insured. See Young v. Duncan, 218 Mass. 346, 348, 106 N.E. 1; Mountain Timber Co. v. Washington, 243 U.S. 219, 235, 37 S.Ct. 260, 61 L.Ed. 685. The new right conferred by the bill upon an employee, in substitution for his common law rights, is not a right to property as damages, but a right to protection by insurance. See G.L. c. 152, § 26. As between an employee waiving his common law rights and an insured employer there is no controversy concerning property. As between such an employer and such an employee the existing law as amended by the bill 'leaves nothing to be tried by jury.' Mountain Timber Co. v. Washington, 243 U.S. 219, 235, 37 S.Ct. 260, 264, 61 L.Ed. 685. And an insurer by electing to insure an employer consents to the procedural provisions of the existing law as amended by the bill. See Ahmed's Case, 278 Mass. 180, 183, 179 N.E. 684."

The Massachusetts Court concluded by quoting from Mountain Timber Co. v. Washington, 243 U.S. 219, 235, 37 S.Ct. 260, 264, 61 L.Ed. 685, as follows:

"As between employee and employer, the act abolishes all right of recovery in ordinary cases, and therefore leaves nothing to be tried by jury."

We approve of this rationale and the opinions resulting therefrom.

We, therefore, advise you that Legislative Document No. 2296, if enacted into law, would not be violative of Article I, Section 20, Constitution of Maine.

Dated at Portland, Maine, this twenty-seventh day of February, 1974.

Respectfully submitted:

> ARMAND A. DUFRESNE, JR.
> RANDOLPH A. WEATHERBEE
> CHARLES A. POMEROY
> SIDNEY W. WERNICK
> JAMES P. ARCHIBALD
> THOMAS E. DELAHANTY